[  ] **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

---

**In re:**   **(1) Danielle Nicole Pearson**           **Case No.** 19-29092-PJD

         **(2)**
**Debtor(s).**                                   **Chapter 13**

---

# CHAPTER 13 PLAN

---

**ADDRESS:** (1) 5003 Deneen Dr., Memphis, TN 38109      (2) _____

**PLAN PAYMENT:**

**DEBTOR (1)** shall pay $ 410.00      ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or (√) monthly, by:

( ) **PAYROLL DEDUCTION** from: _____   **OR**   (√) **DIRECT PAY**.

**DEBTOR (2)** shall pay $ _____   ( ) weekly, ( ) every two weeks, ( ) semi-monthly, or ( ) monthly, by:

( ) **PAYROLL DEDUCTION** from: _____   **OR**   ( ) **DIRECT PAY**.

1. **THIS PLAN [Rule 3015.1 Notice]:**

   **(A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]**     ( ) YES  (√) NO

   **(B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]**     ( ) YES  (√) NO

   **(C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].**     ( ) YES  (√) NO

2. **ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. **AUTO INSURANCE:** ( ) Included in Plan; **OR** (√) Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

4. **DOMESTIC SUPPORT:** Paid by: ( ) Debtor(s) directly, ( ) Wage Assignment, **OR** ( ) Trustee to:     Monthly Plan Payment:

   _____; ongoing payment begins _____  $ _____
              Approximate arrearage: _____     $ _____
   _____; ongoing payment begins _____  $ _____
              Approximate arrearage: _____     $ _____

5. **PRIORITY CLAIMS:**
   _____ Amount: _____  $ _____
   _____ Amount: _____  $ _____

6. **HOME MORTGAGE CLAIMS:** ( ) Paid directly by Debtor(s); **OR** (√) Paid by Trustee to:

   _____; ongoing payment begins _____  $ _____

Approximate arrearage: _____ Interest _____% $ _____
_____; ongoing payment begins _____ $ _____
Approximate arrearage: _____ Interest _____% $ _____

7. **SECURED CLAIMS:**
   [Retain lien 11 U.S.C. §1325 (a)(5)]           Value of Collateral:      Rate of Interest:       Monthly Plan Payment:
   _____   _____   _____%   $ _____
   _____   _____   _____%   $ _____
   _____   _____   _____%   $ _____

8. **SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**
   [Retain lien 11 U.S.C. §1325(a)]           Value of Collateral:      Rate of Interest:       Monthly Plan Payment:
   _AAA Car Central_____   _$12,920.10___   ___7.500_____%   $ __262.00_____
   _____   _____   _____%   $ _____
   _____   _____   _____%   $ _____

9. **SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**
   _____ Collateral: _____
   _____ Collateral: _____

10. **SPECIAL CLASS UNSECURED CLAIMS:**
                                              Amount:              Rate of Interest:       Monthly Plan Payment:
    _____   _____   _____%   $ _____
    _____   _____   _____%   $ _____
    _____   _____   _____%   $ _____

11. **STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**
    _Dept. of Ed/NELN (deferred & shall survive the plan)_   (√)   Not provided for   **OR**   ( )   General unsecured creditor
    ____($66,623)_____   ( )   Not provided for   **OR**   ( )   General unsecured creditor

12. **THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**
    _____
    _____

13. **ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

14. **ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $26,841.00_____.**

15. **THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

    (√) **10%, OR,**

    ( ) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. **THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**
    _____1_____   ( ) Assumes   **OR**   ( ) Rejects.
    _____   ( ) Assumes   **OR**   ( ) Rejects.

17. **COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

18. **FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

19. **NON-STANDARD PROVISION(S):**
    _____

**ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

20. **CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**



  /s/Veronica Fair-Miller_____  **DATE: 12/16/2019**_____.
   **Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**
   **1703 Lockett Place**
   **Memphis, TN 38104**
   **901-343-1940 Telephone**
   **901-205-0640 Facsimile**
   **vfm@vfmlawfirm.com**